IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ALEXANDER JOHNSON, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-0289-M
CAROLYN W. COLVIN, :
Social Security Commissioner, :
:
    Defendant. :

<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 33). Oral argument was waived in this action (Doc. 32). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

1

Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-six years old and had completed a high school curriculum, including a second year in the twelfth grade, but had failed the graduation exam five times (Tr. 387; *see* Doc. 15, p. 2); Johnson had previous work experience as a packing clerk, cashier, lumber puller, and janitor (Tr. 24). In claiming benefits, Plaintiff alleges disability due to migraines, gout, hypertension, degenerative disc disease, obesity, mental retardation, depression, and cervical pain and disc bulging (Doc. 14 Fact Sheet).

The Plaintiff filed a protective application for SSI on March 29, 2010 (*see* Tr. 15, 33). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not return to his past relevant work, Johnson was capable of performing specified sedentary jobs (Tr. 15-26). Plaintiff requested review of the hearing decision (Tr.

10) by the Appeals Council, but it was denied (Tr. 1-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Johnson alleges that: (1) The ALJ did not properly consider the opinion of the examining psychologist; (2) the ALJ erred in finding that he did not meet the requirements of Listing 12.05C; (3) the ALJ failed to consider certain submitted evidence; and (4) the Appeals Council improperly rejected evidence submitted for its consideration (Doc. 15). Defendant has responded to—and denies—these claims (Doc. 28).

Johnson's first two claims are that the ALJ did not properly consider the opinion of examining psychologist Blanton and erred in finding that he did not satisfy Listing 12.05C requirements. Because the evidence for both claims is the same, the Court will discuss them together.

Psychologist Donald W. Blanton examined Johnson, once, on June 15, 2011 (Tr. 454-58). Plaintiff reported having had depression most of his life, accompanied by headaches; he had been prescribed Elavil daily. Blanton found Johnson's mental retardation "obvious," though thoughts and conversation were logical, associations were intact, and affect was appropriately flat. He was not confused and was oriented in four spheres; insight was limited and judgment only fair. Plaintiff underwent the Wechsler Adult Intelligence Scale-IV and scored a Verbal

3

Comprehension IQ of 61, a Perceptual Reasoning IQ of 71, a Working Memory IQ of 69, a Processing Speed of 71, and a Full Scale IQ of 62, placing him in the mild range of mental retardation. Johnson also took the Wide-Range Achievement Test (Revised III) and scored 60, 62, and 67 in reading, spelling, and arithmetic, respectively, corresponding to, at best, a fourth grade equivalence. "The Minnesota Multiphasic Personality Inventory was omitted due to a combination of this man's low intellect and poor reading ability" (Tr. 457). With reading assistance from the examiner, Beck's Depression Inventory II indicated moderate depression. In summary, the Psychologist found Johnson to have

> scored in the mild range of mental retardation on this administration of the WAIS-IV. This was felt to be a valid assessment of his current level of intellectual functioning as there were no distracting factors during the testing session and he appeared to put good effort into this work. Academic achievement testing reveals that his academic skills would be of no use to him at all in a vocational setting making retraining difficult. Emotionally, he appears to have had a lifelong problem with depression worsened by chronic pain. He was encouraged to seek out treatment at his local mental health center.

(Tr. 457). Blanton's diagnostic impression was that Plaintiff suffered from pain disorder with depression, mild mental

4

retardation, orthopaedic problems, and headaches.  The Psychologist further indicated that Johnson had marked limitations in his ability to understand, remember, and carry out detailed or complex instructions, use judgment in complex work decisions, and maintain attention, concentration, and pace for two consecutive hours.  Blanton thought Plaintiff to have been depressed for at least a year while his mental retardation was lifelong.

The Court notes that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2013).

The requirements for Listing 12.05C are not in dispute.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing

---

[1]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

12.05 (2007). Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2013).

The ALJ found that Johnson's migraines, gout, hypertension, degenerative disc disease, and obesity were severe impairments (Tr. 17). The Court notes that the Eleventh Circuit Court of Appeals has held that, for purposes of Listing 12.05C, the second prong requirement is met once there is a finding that the claimant has an additional severe impairment because the requirement of "significant work-related limitation of function" "involves something more than 'minimal' but less than 'severe.'" *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). So, in this action, the second prong of Listing 12.05C, requiring a physical or other mental impairment imposing an additional and significant work-related limitation of function, is not in dispute.

However, the first prong is. The ALJ never specifically states that Johnson fails to meet the requirements of Listing 12.05C, but clearly finds that he is not mentally retarded. Specifically, he finds the following:

> [T]he claimant initially did not allege
> mental limitations. In his initial

application, he stated that he had problems
standing, walking, sitting, and stair
climbing (Exhibit 45). Moreover, the
claimant has not sought any regular
outpatient mental health treatment during
the period relevant to his adjudication.
Moreover, Dr. Blanton's diagnoses of pain
disorder with depression and mild mental
retardation are clearly inconsistent with
the other medical evidence of record
(Exhibit 11F). The medical evidence does
not document any emotional problems or
psychiatric diagnoses. Additionally, it is
noted that the claimant did not initially
allege mental imitations because of
disability. Moreover, the claimant has
relevant work as a Packing Clerk, Cashier,
Lumber Puller, and Janitor.

(Tr. 23). Later, in the determination, in assessing the weight of the evidence, the ALJ found as follow:

> Dr. Blanton diagnosed pain disorder with
> depression and mild mental retardation
> (Exhibit 11F). These diagnoses are clearly
> inconsistent with the other medical evidence
> of record, which does not document any
> emotional problems or psychiatric diagnoses.
> It is also noted that the claimant did not
> initially allege mental limitations because
> of disability. However, later in his
> disability appeals report, he alleged
> disability because of feeling depressed,
> mood changes, and having trouble sleeping.
> Dr. Blanton's conclusions are inconsistent
> with the claimant's allegations and the
> information he provided in his function
> report (Exhibit 5E), which do not suggest
> any significant mental limitations. The
> claimant has high adaptive skills. The
> vocational expert testified that the
> claimant has past relevant work as a Packing
> Clerk, Cashier, Lumber Puller, and Janitor.
> Additionally, while the claimant's school

7

> grades are difficult to read, it appears
> [he] made some D's and F's, but he also made
> some C's (Exhibit 6F). The record as a
> whole provides no support for the diagnoses
> and limitations identified by Dr. Blanton.
> Accordingly, I find no basis for concluding
> that the claimant has any medically
> determinable mental impairment.

(Tr. 24). With this finding, the ALJ finds, in thought if not words, that Johnson is not mentally retarded under Listing 12.05C.

The ALJ reported Plaintiff's IQ score test results (Tr. 22), but did not consider them sufficient to establish disability. He emphasized Johnson's failure to assert mental retardation initially; though worth considering, the Court would not deny a Listing finding on that criterion alone.

But the ALJ also noted that Plaintiff had never received any treatment for mental retardation or depression and had no documented emotional problems or psychiatric diagnoses (Tr. 23-24). Johnson points out that elementary school records include a mental retardation diagnosis (Tr. 384) and argues that no treatment exists for mental retardation; he further notes medical records with prescriptions for Paxil,[2] Sertraline, and Amitriptyline[3] to combat depression (Tr. 185, 336) (Doc. 15, p.

---

[2] **Error! Main Document Only.** *Paxil* is used to treat depression. *Physician's Desk Reference* 2851-56 (52nd ed. 1998).

[3] **Error! Main Document Only.** *Amitriptyline*, marketed as *Elavil*, is used to treat the symptoms of depression. *Physician's Desk Reference* 3163 (52nd ed. 1998).

8

5).

So while an early education label was attached to Johnson as mentally retarded, he apparently received no special education to accommodate his impairment. And while Johnson took medication so that he would not be depressed, depression does not equal mental retardation for social security purposes.

The ALJ found that Plaintiff had high adaptive skills in that he had the capacity to take care of his personal needs, perform activities of daily living, and had successfully performed four different jobs after leaving school. In reaching this finding, the ALJ has implicitly found that Johnson had not demonstrated deficits in adaptive behavior, demonstrating mental retardation, before the age of twenty-two.

Social Security regulations state that a claimant is required to demonstrate that he suffered deficits in adaptive behavior before he turned twenty-two. 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2013). *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001) noted "a presumption that mental retardation is a condition that remains constant throughout life" and held "that a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age of twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Hodges*, 276 F.3d at 1266.

The Court finds that the ALJ's rebuttal of this presumption is supported by substantial evidence. He correctly noted Johnson's acknowledged independent ability to take care of his personal needs, do laundry, count change, pay his own bills from saving and checking accounts, and drive (Tr. 168-75; *cf*. Tr. 23).

The ALJ also repeatedly noted Johnson's having performed four different jobs, as identified by a Vocational Expert (*see* Tr. 48-49; *cf*. Tr. 25). Though Plaintiff questions its relevance, the Court finds that his education, though diminished and not test-based accomplished, nevertheless prepared Johnson to work daily, successfully for a number of years. All of these abilities belie Plaintiff's presumed "deficits in adaptive behavior before he turned twenty-two" as he was working and earning income three years before he reached that age (Tr. 35; *cf*. Tr. 123).

Plaintiff has the IQ scores and the additional impairment required for 12.05C disability, but has not shown that his mental ability/impairment stands in the way of gainful employment as it did not when he was twenty-two. Though one Psychologist found Johnson's "lifelong" mental retardation "obvious" and verifiable with recognized tests, his conclusions regarding Plaintiff's marked limitations are not supported anywhere in the record. While Plaintiff challenges the ALJ's

failure to identify evidence inconsistent with Blanton's conclusions, Johnson's personal abilities and vocational accomplishment are the proof. Blanton's once-done evaluation does not deny all that came before it. Plaintiff's own testimony—not reviewed herein—is of no benefit to him as the ALJ found it non-credible (Tr. 23-24), a finding not challenged in this action.

The Court finds substantial support for the ALJ's rejection of Psychologist Blanton's conclusions. The Court further finds substantial support for the ALJ's conclusion that Johnson did not meet the requirements of Listing 12.05C.

Johnson next claims that the ALJ failed to consider certain submitted evidence. He asserts that although medical evidence of three cervical epidural injections was made available to the ALJ more than one month before his determination was entered, the evidence was not entered into the record or considered (Doc. 15, pp. 8-9).

The Respondent notes Johnson's failure to prove that the records were submitted (*see* Doc. 28, pp. 13-14). More important though is that the evidence therein added no support for a disability finding, as determined by the Appeals Council on review (Tr. 2, 5, 494-506). As Plaintiff has not demonstrated any more than harmless error, the Court finds this claim meritless.

Johnson's final claim is that the Appeals Council improperly rejected evidence submitted for its consideration (Doc. 15). This Court has previously addressed this issue and entered an Order on November 6, 2013 finding that Plaintiff had "not made a credible showing that the excluded evidence relates to the period on or before the ALJ's decision date" (Doc. 23, p. 3). As for the evidence appearing in the record (Tr. 193-203, 494-540) and noted considered by the Appeals Council (Tr. 2, 5), Johnson's only citation of it in his argument is a reference to a Neurosurgeon's statement that he would likely schedule surgery for mild foraminal stenosis (Doc. 15, p. 10; Tr. 508). This provides no evidence sufficient to reverse the ALJ's reasoned determination. Plaintiff's claim otherwise is without merit.

Johnson has raised four different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 3rd day of February, 2014.

s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE